# Exhibit 4

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF SOUTH CAROLINA
                    COLUMBIA DIVISION

SAMUEL R. FLOYD, III, ET AL,   )
                               )
          Plaintiffs,          )    November 17, 2020
                               )
       -versus-                )    3:19-3304
                               )
                               )    Charleston, SC
DELOITTE & TOUCHE LLP, ET AL,  )
                               )
          Defendants.          )


              TRANSCRIPT OF MOTION HEARING

       BEFORE THE HONORABLE MARGARET B. SEYMOUR
    SENIOR UNITED STATES DISTRICT JUDGE, presiding


A P P E A R A N C E S:

For the Plaintiffs:   WILLIAM P. TINKLER, ESQ.
                      Tinkler Law Firm
                      154 King Street, 3rd Floor
                      Charleston, SC 29401

                      LAURA H. POSNER,ESQ.
                      Cohen Milstein Sellers and Toll
                      88 Pine Street, 14th Floor
                      New York, NY 10005

                      STEVEN J. TOLL, ESQ.
                      Cohen Milstein Sellers and Toll
                      1100 New York Avenue NW
                      West Tower Suite 500
                      Washington, DC 20005

                      W. GORDON BALL, ESQ.
                      Gordon Ball LLC
                      7001 Old Kent Drive
                      Knoxville, TN 37919


For the Defendants:   CHRISTOPHER OGIBA, ESQ.
                      Moore and Van Allen PLLC
                      78 Wentworth Street
                      Charleston, SC 29401
```

```
                         SCOTT A. EDELMAN, ESQ.
                         Milbank LLP
                         55 Hudson Yards
                         New York, NY 10001


Court Reporter:          KAREN E. MARTIN, RMR, CRR
                         PO Box 835
                         Charleston, SC 29402

   Proceedings reported by stenographic court reporter.
   Transcript produced with computer-aided transcription
                         software.
```

3

                    Tuesday, November 17, 2020

        (WHEREUPON, court was called to order at 2:09 p.m.)

            THE COURT:  Thank you.  Good afternoon.

            MS. POSNER:  Good morning, Your Honor.

            THE COURT:  We are here in the matter of the

International Brotherhood of Electrical Workers vs.

Deloitte, et al.  This is Civil Action No. 3:19-3304.  And

we are here on the motion to dismiss that was filed by

defendants Deloitte.

        At this time I'd like to ask who is here for the

plaintiff?

    (Audio interference.)

            THE COURT REPORTER:  I -- somebody -- there's

feedback.

    (Audio interference.)

            MS. POSNER:  Good morning, Your Honor.  This is

Laura Posner, from Cohen, Milstein, Sellers, and Toll, on

behalf of the plaintiffs.

    (Audio interference.)

            THE COURT REPORTER:  Excuse me.  This is the

court reporter.  Everybody needs to mute their background

unless they are speaking.  Somebody has something going

on.  I cannot understand anything.

            THE COURT:  All right.  Everybody got that?  For

the plaintiff, Laura Posner.

Case 1:22-cv-00670-WMR    Document 36-5    Filed 10/14/22    Page 5 of 14
3:19-cv-03304-MBS    Date Filed 11/24/20    Entry Number 64    Page 75 of 101

75

Similarly, in In re DNTW, this is cited in their motion at Page 34, the Court found that there was, quote, no audit at all because the plaintiff, quote, alleges that the auditor disregarded specific red flags that would place a reasonable auditor on notice that the audited company was engaging in wrongdoing to the detriment of its investors.

Then we have In re SCB. The Court held that when plaintiffs are able to identify specific, highly suspicious facts and circumstances of which the auditor was aware at the time of the audit, and the complaint alleges that those facts were deliberately or recklessly ignored, GAAP -- however GAAP and GAAS violations are relevant to show an auditor's scienter.

So the case law is clear, including on the cases cited by defendants, that red flags coupled with PCAOB and GAAS violations are sufficient to establish scienter. I think we've pled more than sufficient evidence of those flashing red flags here as well as Deloitte's specific knowledge of things like the Bechtel Report and engagement that demonstrate its knowledge of the fraud.

**THE COURT**: All right. Thank you. Well, I appreciate everybody's arguments today. And the briefs were very helpful, and very informative, and very well done.

Karen E. Martin, RMR, CRR
US District Court
District of South Carolina

Case 1:22-cv-00670-WMR   Document 36-5   Filed 10/14/22   Page 6 of 14
3:19-cv-03304-MBS   Date Filed 11/24/20   Entry Number 64   Page 76 of 101

76

The case arises out of the abandonment of the nuclear project at the VC Summer nuclear facility in Fairfield County, South Carolina.  And in the consolidated complaint, the plaintiffs allege that Deloitte violated its professional responsibilities, failed in its role of gatekeeper, and deceived investors about SCANA's accounting for and expected completion of the project. The plaintiffs allege that Deloitte employed devices, schemes, and artifices to defraud, made untrue statements of material facts, or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made not misleading, or engaged in acts, practices, and a course of business that operates as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of SCANA securities during the class -- during this period.

Deloitte has moved to dismiss the complaint generally on the ground that SCANA's deception as to the status of the project are not imputable to Deloitte.  And Deloitte argues that it was engaged only to conduct financial audits of SCANA's financial statements and to review project costs with respect to the special audits to ensure that SCANA's filings complied with generally accepted accounting practices.

Case 1:22-cv-00670-WMR    Document 36-5    Filed 10/14/22    Page 7 of 14
3:19-cv-03304-MBS    Date Filed 11/24/20    Entry Number 64    Page 77 of 101

77

This motion is brought pursuant to Rule 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995.  The purpose of the Rule 12(b)(6) motion is to test the sufficiency of the complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.  A complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face.

To show securities fraud under 10(b) of the Exchange Act, a plaintiff must plead a material misrepresentation or omission, scienter, a connection with the purchase or sale of a security, reliance, economic loss, and loss causation.  Both Rule 9 of the Federal Rules of Civil Procedure and the heightened pleading standards for securities actions require the plaintiff to state its allegations with particularity.

Deloitte asserts that the complaint does not plausibly allege that it has contemporaneous knowledge of the Bechtel Report.  Deloitte contends that false and misleading statements and omissions arising out of SCANA's 2015 and 2016 10-Ks were not made or audited by Deloitte and that plaintiffs cannot rely on the alleged misstatements or omissions of SCANA to assert a claim against Deloitte.

Case 1:22-cv-00670-WMR    Document 36-5    Filed 10/14/22    Page 8 of 14
3:19-cv-03304-MBS    Date Filed 11/24/20    Entry Number 64    Page 78 of 101

78

Deloitte argues that plaintiffs fail to allege that opinions issued by Deloitte contained embedded misstatements of fact. And even if such allegations were made, Deloitte cannot be held liable because it merely issued opinions regarding SCANA's financial statements.

Deloitte also contends that plaintiffs failed to sufficiently allege with particularity that Deloitte -- that their audits or their audit opinions omitted material facts. According to Deloitte, the only omissions alleged in the complaint are either contained in SCANA's statements and not Deloitte's opinions. Or they otherwise related to unaudited quarterly statements that are irrelevant to any potential actionable statements made by Deloitte.

Deloitte also asserts that plaintiffs failed to allege a strong inference of scienter. And Deloitte states that it had no reason to disbelieve the information SCANA was presenting to its regulators. Deloitte argues that the failure to plead motive supports a lack of scienter. And defendant Deloitte contends that the plaintiffs only allege that Deloitte was motivated to issue fraudulent opinions with the intent to defraud because it had a long relationship with SCANA and because of the amount that was paid for its audit work. And Deloitte rejects this inference because, like other

Case 1:22-cv-00670-WMR     Document 36-5     Filed 10/14/22     Page 9 of 14
3:19-cv-03304-MBS     Date Filed 11/24/20     Entry Number 64     Page 79 of 101

79

accountants, its success depends on maintaining a reputation for honesty and integrity.

And finally, Deloitte contends the complaint is barred by the two-year statute of limitations.

The Court has reviewed the allegations of the consolidated complaint. And the Court finds that the plaintiffs have stated a claim for relief even under the heightened standards applicable in this case. The plaintiffs assert that Deloitte gave unqualified, clean audit reports on SCANA's financial statements and internal control over financial reporting misleading investors into believing that SCANA would complete the project in time to obtain a 1.4 million -- $1.4 billion in nuclear tax credits.

The plaintiffs allege that as SCANA's external auditor for over 70 years, Deloitte was responsible for understanding SCANA's business, identifying and responding to risk of material misstatements, and obtaining sufficient appropriate audit evidence in response to such risks so that it could provide a high level of assurance that SCANA's financial statements were in accordance with generally accepted accounting principals.

According to the plaintiffs, Deloitte was required to review and test historical day-to-day performance in connection with its audits and should have

Case 1:22-cv-00670-WMR    Document 36-5    Filed 10/14/22    Page 10 of 14
3:19-cv-03304-MBS    Date Filed 11/24/20    Entry Number 64    Page 80 of 101

80

been aware of internal memoranda, the Bechtel materials, monthly reports, and other information showing that regulatory and financial support for the project were in jeopardy.

Plaintiff's state that, nevertheless, Deloitte told investors that SCANA's financial statements confirming that the project was on schedule were presented fairly in all material respects and in accordance with generally accepted accounting principals, that SCANA's related internal control over financial reporting was effective, and that of the total estimated gross construction costs of $7.6 billion, SCANA's investment totaled 3.6 billion for which the financing costs of 3.2 billion have been reflected in rates under the BLRA.

The plaintiffs recount in their complaint the numerous memoranda, monthly progress reports, and presentations that contradicted assertions made by SCANA to the PSC and state that Deloitte, nevertheless, permitted SCANA to represent in its quarterly interim financial statements on forms 10-Q that the project would be placed into service prior to 2021, and that the estimated total gross construction costs were no more than $7.7 billion.

The plaintiff lists numerous ways in which they contend Deloitte disregarded obligations recognized by the

Case 1:22-cv-00670-WMR    Document 36-5    Filed 10/14/22    Page 11 of 14
3:19-cv-03304-MBS    Date Filed 11/24/20    Entry Number 64    Page 81 of 101

81

Public Company Accounting Oversight Board, which is responsible for establishing professional audit standards applicable to audits of publicly-traded companies including SCANA.  These include planning and performing audit procedures sufficient to obtain reasonable assurance about whether SCANA's 2015 and 2016 financial statements were free of material misrepresentation or free of material misstatements whether caused by error or fraud.

The plaintiffs allege Deloitte was required under PCAOB standards to review the metrics schedules, Bechtel Reports and findings, and other communications demonstrating that the project continued to suffer from significant and material delays and would be unable to meet the necessary deadline to receive tax credits.

Plaintiffs allege that Deloitte helped conceal the fraud from investors by blessing the form 10-K financial statements which represented that the unit would be operational and qualify for the nuclear production tax credits.  Plaintiffs allege that both SCANA and Deloitte continued to reassure investors that the project would be completed in time, even though they knew this information was false.

Regarding scienter, plaintiffs allege Deloitte was responsible for understanding significant reports from external consultants, such as Bechtel, as well as internal

Case 1:22-cv-00670-WMR    Document 36-5    Filed 10/14/22    Page 12 of 14
3:19-cv-03304-MBS    Date Filed 11/24/20    Entry Number 64    Page 82 of 101

82

reports issued in connection with the project. And the plaintiffs have alleged that Deloitte was required to determine whether Bechtel's findings conflicted with SCANA's representations regarding the project, especially given the importance of the project to SCANA and the materiality of the Bechtel's engagement itself. Plaintiffs contend Deloitte's failure to do so amounts to basically no audit at all.

And plaintiff's also allege Deloitte was required to understand SCANA's business and identify and respond to risk of material misstatements affecting SCANA's financial statements. Plaintiffs contend that Deloitte failed to properly assess the risk that a material weakness existed in SCANA's internal controls over financial reporting.

The plaintiffs also allege that Deloitte was required to determine whether statements made to the PSC were accurate and indeed had ample evidence that SCANA's representations to the PSC were false. Plaintiff also notes that the rate hikes were allowed because of the lack of transparency and forthrightness with regard to the studies available to SCANA. And the plaintiffs allege that Deloitte should have tested the effectiveness of internal controls over the ongoing evaluation and monitoring of the construction schedule and cost forecasts

Case 1:22-cv-00670-WMR    Document 36-5    Filed 10/14/22    Page 13 of 14
3:19-cv-03304-MBS    Date Filed 11/24/20    Entry Number 64    Page 83 of 101

83

for the project.

The plaintiffs assert that Deloitte could not have believed its representations given the Bechtel Reports, monthly progress reports, and other internal correspondence that describe deficiencies in the progress of the project. They also allege that loss causation based on Deloitte's alleged misconduct, including its issuance of clean audit reports, concealed and dramatically understated foreseeable risks that SCANA would not complete the project in time.

Plaintiffs allege that the disclosure in the financial statements failed to reveal the extent of the risk related to the nuclear project and the SCANA's common stock loss value when the conceal risks were revealed. Plaintiffs allege that SCANA's financial statements hid the true status of the project which Deloitte was aware of.

Finally, with regard to the limitations period, plaintiff's claim that they did not discover Deloitte's purported scienter until Deloitte's knowledge of the Bechtel Report became publically known in October of 2018. Based on the facts in the record and the allegations in the record, plaintiff's consolidated complaint adequately sets forth a plausible claim for relief under applicable rules of civil procedure and securities laws. Based on

84

that, Deloitte's motion to dismiss is denied.

Is there anything further that we need to discuss?

MS. POSNER:  Not at this time, Your Honor.

THE COURT:  All right.  Thank you very much.  I appreciate it.

MS. POSNER:  Thank you.

(WHEREUPON, court was adjourned at 4:21 p.m.)

* * *

I certify that the foregoing is a correct transcript to the best of my ability from the record of proceedings in the above-entitled matter.

s/Karen E. Martin                      11/24/2020
_____        _____
Karen E. Martin, RMR, CRR              Date

Karen E. Martin, RMR, CRR
US District Court
District of South Carolina